TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR RECONSIDERATION EN BANC









NO. 03-07-00728-CV






Twigland Fashions, Ltd., Appellant


v.


Nemia Miller, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-06-002877, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING




C O N C U R R I N G O P I N I O N




 I concur in the order overruling the motion for rehearing en banc. I write separately
to explain my reasons for doing so.

 Under the Texas Rules of Appellate Procedure, en banc consideration of an appeal
is disfavored:



En banc consideration of a case is not favored and should not be ordered unless
necessary to secure or maintain uniformity of the court's decisions or unless
extraordinary circumstances require en banc consideration.


Tex. R. App. P. 41.2(c). I believe "extraordinary circumstances" include such matters as
(1) addressing legal issues on which Texas courts of appeals are split; (2) addressing issues that are
highly significant to the public or in which the public has a high level of interest; and (3) overruling
an earlier decision of this Court. In addition, "extraordinary circumstances" may include other cases
in which it is imperative, for whatever reason, that this Court speak with one voice. I do not believe
the present case falls into any of those categories.

 That leaves the category of cases in which it is "necessary to secure or maintain
uniformity of the court's decisions." I do not believe the present case satisfies that standard either. 
The present case is highly fact-specific, as was the Davis case. (1) The fact that Davis affirmed a jury
verdict in favor of the plaintiff, while the present decision overturns a jury verdict in favor of the
plaintiff, does not make them inconsistent. Each opinion sets forth a detailed
sufficiency-of-the-evidence review based on the particular facts of that case. Although there are
some general similarities in the fact patterns, there are also many substantial differences. 
Accordingly, I do not see the present case as "represent[ing] a significant departure from this Court's
prior hostile-work-environment jurisprudence."

 I take no position on the merits of the present case, because I do not believe the case
rises to the level at which en banc review is permissible under the rules. The dissenting justices
believe that the evidence favoring the plaintiff in the present case constitutes more than a scintilla,
while the justices on the original panel take the opposite view. In my view, this does not satisfy the
strictures of rule 41.2(c). (2)





 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson, Puryear, Pemberton and Henson

Filed: October 22, 2010


1. Wal-Mart Stores, Inc. v. Davis, 979 S.W.2d 30 (Tex. App.--Austin 1998, pet. denied).
2. Moreover, if this Court were to hear or rehear en banc every case in which two or more
justices could disagree on an evidentiary-sufficiency issue, I fear the resulting tsunami of en banc
cases would inundate us.